**Dorothy STIRGUS, Plaintiff,**

v.

**John BENOIT, John Waitman, William English, and Patrick Doyle, Defendants.**

**No. 89 C 1276.**

United States District Court, N.D. Illinois, E.D.

Sept. 18, 1989.

---

120

Jack L. Block, Constance L. Bauer, Cynthia A. Wilson, Sachnoff Weaver & Rubenstein, Ltd., Susan R. Gzesh, Chicago Lawyers Committee for Civ. Rights Under Law, Chicago, Ill., for plaintiffs.

Raymond Garza, Garza, Vrdolyak & Associates, Chicago, Ill., for defendant Benoit.

Daniel F. Gallagher, Querrey & Harrow, Ltd., Chicago, Ill., for defendant Doyle.

## ORDER

BUA, District Judge.

This lawsuit stems from the firebombing of plaintiff's house. Plaintiff asserts several federal and state law claims for violations of her civil rights. Defendant John Benoit has moved to dismiss the complaint in its entirety for failure to state a claim upon which relief can be granted. Defendant Patrick Doyle has similarly moved to dismiss Counts I through IV of the complaint. For the reasons stated herein, defendants' motions are denied with respect to all counts.

## I. FACTS

Plaintiff Dorothy Stirgus is a black woman who purchased a new home in a predominantly white neighborhood in Chicago, Illinois. The defendants, John Benoit, Patrick Doyle, William English, and John Waitman, are white residents of Chicago, Illinois. Stirgus alleges that on the night of February 17, 1987, ten days after she moved into her house, the defendants propelled incendiary devices (commonly known as "Molotov cocktails") through her kitchen window. A fire started immediately. Although the blaze caused substantial damage to her house, Stirgus was able to escape the burning building safely. Subsequently, defendants were arrested and charged with aggravated arson for the firebombing of Stirgus' house.

Stirgus claims that the incident was racially motivated, and that defendants agreed to firebomb her house to prevent her from living in that neighborhood. Her six-count complaint asserts violations of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1982 (1982),[1] the Ku Klux Klan Act, 42 U.S.C. § 1985(3) (1982), the Fair Housing Act, 42 U.S.C. §§ 3604, 3617 (1982),[2] and the Illinois Ethnic Intimidation Act, Ill.Rev.Stat. ch. 38, para. 12–7.1 (1987).

Plaintiff also brings a claim for intentional infliction of emotional distress.

## II. DISCUSSION

### A. *Section 1982*

Stirgus alleges that the firebombing of her home deprived her of the right to enjoy and hold her property on an equal basis with white citizens. Defendants argue that her claim must be dismissed because she did not allege state action and because the firebombing is not the type of activity that is prohibited by section 1982.[3]

Contrary to defendants' position, state action need not be alleged to seek redress under section 1982. The Supreme Court has firmly established that the statute directly applies to private parties. *City of Memphis v. Greene*, 451 U.S. 100, 120, 101 S.Ct. 1584, 1596–1597, 67 L.Ed.2d 769 (1981) (citing *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968)).

Despite the fact that a private party may assert a section 1982 claim, defendants contend that Stirgus' claim does not fall within the scope of section 1982. This court disagrees. Section 1982 protects "the right of black persons to hold and acquire property on an equal basis with white persons and the right of blacks not to have property interests impaired because of their race." *Id.* at 122, 101 S.Ct. at 1598. Although section 1982 "is not a comprehensive open housing law," *Jones*, 392 U.S. at 413, 88 S.Ct. at 2189, the Supreme Court has broadly interpreted and applied the statutory language in order to give full effect to its remedial measures. *City of Memphis*, 451 U.S. at 120, 101 S.Ct. at 1596–1597; *see, e.g., Tillman v. Wheaton–Haven Recreation Ass'n*, 410 U.S. 431, 93 S.Ct. 1090, 35 L.Ed.2d 403 (1973). "A

---

1. Because plaintiff has voluntarily withdrawn her section 1981 claim, this court need not address defendants' motions with respect to Count I of plaintiff's complaint.

2. Plaintiff has also voluntarily withdrawn her section 3604 claim and, therefore, it will not be considered by this court.

3. Section 1982 provides as follows: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982 (1982).

narrow construction of the language of § 1982 would be quite inconsistent with the broad and sweeping nature of the protection meant to be afforded by § 1 of the Civil Rights Act of 1866, 14 Stat. 27, from which § 1982 was derived." *Sullivan v. Little Hunting Park, Inc.,* 396 U.S. 229, 237, 90 S.Ct. 400, 404–405, 24 L.Ed.2d 386 (1969).

Indeed, the firebombing of Stirgus' house is precisely the type of discriminatory conduct that section 1982 is designed to remedy. When a racially-motivated firebombing destroys a person's home, that person does not truly enjoy the same freedom to acquire and "hold" property as a similarly situated white citizen. *See Waheed v. Kalafut,* No. 86 C 6674, 1988 WL 9092 (N.D.Ill. Feb. 1, 1988) (1988 U.S. Dist. LEXIS 964) (firebombing of black family's house sufficient to support a section 1982 claim); *Pina v. Abington,* Eq.Opp.Hous. Rep. (P–H) ¶ 15,257 (E.D.Pa. May 22, 1978) (black family did not "hold" their property on an equal basis with white residents because of the city's failure to provide them with the same police protection that white residents received). Defendants' argument that section 1982 prohibits racial discrimination in the sale or lease of property, but not acts of discrimination which essentially prevent the victim from living on that property once it is acquired is untenable and contrary to the plain meaning of the statute.

Since the mid–1950s, the approach taken by the High Court has been to accord Reconstruction civil rights statutes "a sweep as broad as [their] language." *Griffin v. Breckenridge,* 403 U.S. 88, 97, 91 S.Ct. 1790, 1796, 29 L.Ed.2d 338 (1971) (quoting *United States v. Price,* 383 U.S. 787, 801, 86 S.Ct. 1152, 1160, 16 L.Ed.2d 267 (1966)). This court should do no less. Stirgus' claim that the defendants firebombed her home to keep her from living in that neighborhood is sufficient to withstand defendants' motions to dismiss.

### B. *Section 1985(3)*

In Count III, Stirgus alleges that defendants formed a conspiracy with racial animus to firebomb her house. Defendants contend, however, that this single violent act, even if discriminatory in nature, is not sufficient to invoke the remedy of section 1985(3).[4]

■ In *Griffin v. Breckenridge,* the Supreme Court set forth the requirements that must be met to impose liability under section 1985(3). A complaint must allege the following: (1) a conspiracy; (2) motivated by some racial or other "invidiously discriminatory animus"; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or a deprivation of "any right or privilege of a citizen of the United States." 403 U.S. at 102–03. Thus, section 1985(3) provides a remedy for private conspiracies that are racially-motivated and designed to deprive persons of rights safeguarded by "federal law." *Stevens v. Tillman,* 855 F.2d 394, 404 (7th Cir.1988), *cert. denied,* — U.S. —, 109 S.Ct. 1339, 103 L.Ed.2d 809 (1989).

■ In the case at bar, Stirgus alleged that the defendants entered into a racially-motivated conspiracy. She further alleged acts taken in furtherance of the conspiracy —namely, the purchase and preparation of incendiary materials and the firebombing of her house—which resulted in the destruction of her property. Defendants argue that these allegations are insufficient to establish a violation of "federal law" for which section 1985(3) provides a remedy. As this court previously stated, however, Stirgus has alleged facts sufficient to state a claim pursuant to 42 U.S.C. § 1982. Section 1982 provides a basis upon which Stirgus may assert her section 1985(3) cause of

---

**4.** Section 1985(3) states in pertinent part:
   If two or more persons ... conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws ..., if one or more persons engaged therein do, or cause to be done, any act in furtherance ... of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages ... against any one or more of the conspirators.
   42 U.S.C. § 1985(3) (1982).

action. *Jennings v. Patterson*, 488 F.2d 436, 442 (5th Cir.1974) (deprivation of rights secured by section 1982 sufficient to support a section 1985(3) claim); *Clark v. Universal Builders, Inc.*, 409 F.Supp. 1274, 1279 (N.D.Ill.1976) ("If a conspiracy is involved in the deprivation of ... rights [guaranteed by § 1981 and § 1982], § 1985(3) swings into play."). Therefore, Count III survives defendants' motions to dismiss.

## C. *Fair Housing Act*

Stirgus claims in Count IV that defendants "intended to and did coerce, intimidate, threaten or interfere" with the exercise and enjoyment of her property rights on account of her race, in violation of the Fair Housing Act, 42 U.S.C. § 3617 (1985).[5] Defendants assert that this claim is barred by the limitation period set forth in section 3612, which provides that "[a] civil action shall be commenced within one hundred and eighty days after the alleged discriminatory housing practice occurred." 42 U.S.C. § 3612(a) (1982). Even if the claim is not barred, the defendants contend, it must be dismissed because Stirgus failed to allege a connection between the section 3617 claim and her rights under section 3604. Neither argument has merit.

■ It is clear that Stirgus' claim is not barred by the limitions period set forth in section 3612. That limitation period is simply not applicable to civil actions brought pursuant to section 3617. *Smith v. Stechel*, 510 F.2d 1162, 1164 (9th Cir.1975); *see also United States General, Inc. v. City of Joliet*, 432 F.Supp. 346, 355 (N.D.Ill.1977). Section 3612 refers only to rights secured by sections 3603, 3604, 3605, and 3606. Section 3617 could have been expressly brought within the limitation period in section 3612(a), but "Congress seems designedly to have refrained from doing so." *Smith*, 510 F.2d at 1164.

■ While defendants also argue that this claim must be dismissed because it

bears no relationship to Stirgus' rights under section 3604, they do not dispute that section 3617 may still be violated absent a violation of section 3604 or any of the other sections enumerated in section 3617. *Stackhouse v. DeSitter*, 620 F.Supp. 208, 210 (N.D.Ill.1985); *New York ex rel. Abrams v. Merlino*, 694 F.Supp. 1101, 1103 (S.D.N.Y.1988). Whether or not the firebombing of Stirgus' house violated any other section of the Fair Housing Act, this brutal act falls squarely within the parameters of section 3617. *See Waheed*, 1988 WL 9092, 1988 U.S. Dist. LEXIS 964 (racially-motivated firebombing of plaintiff's house falls within the purview of section 3617); *Stackhouse*, 620 F.Supp. at 211 (firebombing of black family's car in an attempt to frighten them away from the neighborhood is within the range of activity prohibited by section 3617); *Seaphus v. Lilly*, 691 F.Supp. 127, 139 (N.D.Ill.1988) (violence and property damage aimed at inducing black residents to move out of their home prohibited by section 3617). By alleging that defendants ignited her home to intimidate and coerce her into moving out of the neighborhood because of her race, Stirgus has come forward with enough facts to state a claim under the Fair Housing Act.

## D. *State Law Claims*

In Counts V and VI, plaintiff asserts state law claims for violation of the Illinois Ethnic Intimidation Statute, Ill.Rev.Stat. ch. 38, para. 12–7.1 (1987) and intentional infliction of emotional distress. Defendant Benoit has made no substantive attack on either of these claims. Rather, defendant claims that Stirgus has failed to state a federal claim and, therefore, this court does not have pendent jurisdiction over the state law claims. Having ruled that Stirgus has stated a federal claim, this court can entertain pendent jurisdiction over both state law claims.

5. Section 3617 provides:
It shall be unlawful to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, ... any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.
42 U.S.C. § 3617 (1982).

### III. CONCLUSION

For the foregoing reasons, the court denies defendants' motions to dismiss.

IT IS SO ORDERED.