**Eddie BYRD, et al., Plaintiffs,**

v.

**Brad BRANDEBURG, et al., Defendants.**

No. 95–CV–1092.

United States District Court,
N.D. Ohio,
Eastern Division.

March 18, 1996.

Diane E. Citrino, Housing Advocates, Inc., Edward G. Kramer, Kramer & Nierman, Cleveland, OH, for Plaintiffs.

Peter Fletcher, Northfield, OH, for Defendants.

### MEMORANDUM & ORDER

O'MALLEY, District Judge.

Plaintiffs Eddie and Grace Byrd have moved for summary judgment on their claims against the remaining defendants in this case, Brad Brandeburg and his parents Cheryl and Gerald Brandeburg. (Docket # 15). The defendants' response was due on February 2, 1996, but no response was ever filed and defendants have not requested an extension of time to respond. For the reasons set forth below, plaintiffs' motion for summary judgment is **GRANTED.**

### The Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure dictates that, where summary judgment is sought:

> The judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

While all evidence must be viewed in the light most favorable to the non-moving party, summary judgment is appropriate whenever that non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). "In other words, the movant [can] challenge the opposing party to 'put up or shut up' on a critical issue. After being afforded sufficient time for discovery, as required by Fed.R.Civ.P. 56(f), if the respondent [does] not 'put up', summary judgment [is] proper." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir.1989).

In this context, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street*, at 1479–80 citing *Frito–Lay Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C.Cir.1988). The trial court need not seek out factual disputes nor speculate on the possibility that, under some as yet unstated scenario, a meaningful factual dispute might somehow arise. The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established, which create a genuine issue of material fact. *See Fulson v. City of Columbus*, 801 F.Supp. 1, 4 (S.D.Ohio 1992).

Pursuant to Fed.Civ.P. Rule 56(e), "if the [nonmoving] party does not respond, summary judgment, if appropriate, shall be entered against the nonmoving party." In this case, the defendants have failed make any response to the plaintiffs' motion for summary judgment. Accordingly, it is within this Court's power to grant the plaintiffs' motion on that ground alone. *Kennedy v. City of Detroit*, 1994 WL 198159 (6th Cir. 1994). However, this Court also finds that an examination of the pleadings and the plaintiffs' motion demonstrates that the plaintiffs are entitled to summary judgment on the merits of their claims as well.

### Plaintiffs' Federal Civil Rights Claims

On October 27, 1994, a Molotov cocktail was thrown onto the porch of the plaintiffs' home. The plaintiffs are African–Americans. In their complaint, the plaintiffs allege that the Molotov cocktail was thrown onto their porch by a group of neighborhood teenagers who are Caucasian, including the defendant Brad Brandeburg. The complaint alleges numerous other incidents of harassment of the plaintiffs by Brandeburg, his family and his friends, including previous acts of vandalism of the plaintiffs' home and the use of racial slurs. After a police investigation of the October 27, 1994 incident, Brad Brandeburg was tried in juvenile court and was found delinquent for attempted arson. He spent six months in a juvenile detention facility.

In count one of their complaint, plaintiffs allege that the incident of October 27, 1994 violated their rights under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* and 42 U.S.C. §§ 1981 and 1982. In count two, plaintiffs allege that the incident also violated their civil rights under Ohio's civil rights statute, O.R.C. § 4112.02(H)(12). In count three of the complaint, plaintiffs seek to hold Brandeburg's parents liable for his actions under O.R.C. § 2307.70.

With respect to the alleged violation of their rights under the Fair Housing Act, plaintiffs allege that the defendants' conduct violated 42 U.S.C. §§ 3604(a) and 3617. Section 3604(a) of the Fair Housing Act provides:

> ... it shall be unlawful (a) to refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status or national origin.

Section 3617 of the Fair Housing Act provides:

It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

With respect to the plaintiffs' allegations of civil rights violations 42 U.S.C. § 1982 provides:

All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell hold, and convey real and personal property.

▬ Like many other civil rights claims, the legal analysis employed under the Fair Housing Act is subject to the burden shifting standard set forth in *McDonnell Douglas Corporation v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Selden Apartments v. U.S. Dept. of Housing and Urban Dev.,* 785 F.2d 152, 160 (6th Cir.1986). Thus, the plaintiff has the burden of production to demonstrate a prima facie case of discrimination. The burden of production then shifts to the defendant to articulate a nondiscriminatory reason for the action taken. The burden of production then shifts back to the plaintiff to the demonstrate that the defendant's nondiscriminatory reason is, in fact, a pretext for discrimination. In a summary judgment situation, the defendant's failure to respond to the plaintiff's demonstration of a prima facie case is sufficient grounds to grant the plaintiff's motion for summary judgment.

Surprisingly, there is very limited case law on the question presented in this case: what constitutes a prima facie case of discrimination in this context under the Fair Housing Act and § 1982? Other district courts, however, have provided some helpful analysis. In *Waheed v. Kalafut,* 1988 WL 9092, 1988 U.S.Dist. LEXIS 964 (N.D.Ill.1988), the court found that the plaintiffs had satisfied

the elements of a prima facie case of housing discrimination under § 1982, § 3604(a) and § 3617 by showing that: 1) they were members of a minority group; 2) the defendants knew they were members of a minority group; 3) the defendants committed an act of violence toward plaintiffs' home; and 4) the defendants' action "interfered with" the plaintiffs' right to purchase and maintain their home.

In *Waheed,* the plaintiffs' home was firebombed by the defendants. In support of their motion for summary judgment, the plaintiffs produced evidence that the defendants had been convicted in state court of firebombing the plaintiffs' home, and that the defendants had committed other acts of racial intolerance against the plaintiffs, which the court found to demonstrate the defendants' racially discriminatory motive. These incidents included banging on garbage cans and shouting racial epithets at the plaintiffs' home. The court held that the plaintiffs had submitted sufficient evidence on their motion for summary judgment to meet each element of their claims under the Fair Housing Act and § 1982.[1]

In *Johnson v. Smith,* 878 F.Supp. 1150 (N.D.Ill.1995), the court granted the plaintiffs' summary judgment on their claims under § 1982 and § 3617 where the defendants failed to respond to the plaintiffs' summary judgment motion. In *Johnson,* the defendants, who were Caucasian, burned a cross on the plaintiffs' yard and threw a brick through the window of their home. Plaintiffs were a Caucasian mother and her children, whose father was African–American. While the court in *Johnson* certainly did not engage in a detailed legal analysis of the plaintiffs' claims, the court held that the plaintiffs sufficiently proved their allegations by the evidence they presented in support of their motion for summary judgment. *Id.* at 1153.

This evidence included deposition testimony of the defendants that they did, in fact, burn the cross on the plaintiffs' lawn and that the defendants knew that the plaintiffs were of African–American descent. With respect

---

1. While not entirely clear from the opinion, the motion for summary judgment was not granted, however, as the court invited additional briefing by the parties on the fair housing analysis.

to the defendants' racial motive, the evidence demonstrated that one of the defendants expressed a personal animosity toward African–Americans, occasionally referred to them as "niggers" and stated that he did not like them living in the neighborhood. In addition, the defendants were convicted in state court of Ethnic Intimidation over the cross-burning incident. *Id.* at 1154–1155.

The Sixth Circuit has yet to address § 3604(a) and § 3617 in a context such as this. However, in *Michigan Protection and Advocacy Service, Inc. v. Babin,* 18 F.3d 337, 347 (6th Cir.1994), the Court construed the term "interfere with" as it appears in § 3617. The Court found that this term did not necessarily require a showing of "potent force or duress", but was worthy of a broader interpretation that includes the actions of those who are in a position to, and do, directly disrupt the exercise or enjoyment of a protected right and who do so with a discriminatory animus. *Id.* The Court stated: "[u]nder this standard, the language 'interfere with' encompasses such overt acts as racially-motivated firebombings ..." *Id.* citing *Stirgus v. Benoit,* 720 F.Supp. 119 (N.D.Ill.1989).

The facts in *Stirgus* are very similar to the facts in this case. Ten days after the plaintiff moved into her new neighborhood, a Molotov cocktail was thrown through her kitchen window. 720 F.Supp. at 121. Plaintiff sought relief under, inter alia, § 1982, § 3604 and § 3617. The court denied the defendants' motions to dismiss the § 1982 and Fair Housing Act claims.[2] With respect to the § 1982 claim, the court stated that "the firebombing of Sturgis' house is precisely the type of discriminatory conduct that section 1982 is designed to remedy. When a racially motivated firebombing destroys a person's home, that person does not truly enjoy the same freedom to acquire and 'hold' property as a similarly situated white citizen." *Id.* at 122. With respect to the plaintiff's Fair Housing Act claims, the court held that "this brutal act falls squarely within the parameters of section 3617." *Id.* at 123.

■ In this case, the undisputed facts demonstrate that the plaintiffs are African–

Americans and the defendants were aware that the plaintiffs are African–Americans. The undisputed facts also demonstrate that defendant Brad Brandeburg threw a Molotov cocktail onto the porch of the plaintiffs' home. Brandeburg was found "delinquent" in the juvenile court on the charge of attempted arson arising out of this incident. A witness who filed an affidavit saw Brandeburg make the Molotov cocktail on the evening of October 27, 1994. Beskur Aff. at para. 4. In accordance with the Sixth Circuit's pronouncement in *Babin,* the firebombing of the plaintiffs' home interfered with the plaintiffs' exercise and enjoyment of their rights to fair housing.

As discussed above, the defendants have failed to satisfy their burden under *McDonnell Douglas;* they simply have not articulated a nondiscriminatory reason for the actions taken by Brad Brandeburg. Plaintiffs have also produced compelling evidence, beyond that demonstrated by their prima facie case of discrimination, that the defendant's actions were racially motivated. Brad Brandeburg routinely used the words "nigger", "swoog", and "spook" to refer to African–Americans. Burton Affidavit at para. 1. Brandeburg also remarked that all African–Americans should die or go back to Africa. *Id.* Brandeburg's use of these racial epithets is not disputed on the record before this Court. Indeed, his mother attempted, albeit unpersuasively, to minimize this conduct by characterizing it as "playful". Depo. Of Cheryl Brandeburg at p. 53–54. There was also testimony that Gerald Brandeburg regularly used the word "nigger" at home when referring to African–Americans. *Id.;* Affidavit of Burton at para. 4.

This Court finds that, under all of the undisputed facts in this case, the plaintiffs are entitled to summary judgment on their claims under § 1982, § 3617 and § 3604(a). Defendants have failed to articulate a non-discriminatory reason for the action taken by Brad Brandeburg on October 27, 1994. Even if they had, moreover, there is sufficient unrebutted direct evidence of racial

---

**2.** Summary judgment was not granted to the plaintiff in that case despite plaintiffs' claim that

it was in their Memorandum of Support on page 6.

animus in this record to reject any such explanation as a mere pretext racial discrimination. *See Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994). Accordingly, plaintiffs' motion for summary judgment is **GRANTED** against defendant Brad Brandeburg on count one of the plaintiffs' complaint.

### Plaintiffs' Claims Against Cheryl and Gerald Brandeburg

In count three of their complaint, plaintiffs seek to establish the liability of Cheryl and Gerald Brandeburg for the actions of their son Brad under O.R.C. § 2307.70. That provision imposes liability on a custodial parent when a minor child has committed an act of vandalism in violation of O.R.C. § 2909.05. In their motion for summary judgment, however, plaintiffs' seek to establish parental liability under a different statute, O.R.C. § 3109.09, which imposes liability when a minor "willfully damages" property belonging to the plaintiff, a claim not explicitly pled in the complaint.

■■■ Under Federal Rule of Civil Procedure 15(b), a party may move to amend its pleadings to conform to the evidence. Leave to amend is an issue addressed to the discretion of the trial court and is to be freely given when justice so requires. *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988). As the Sixth Circuit recognizes, Rule 15 is to be liberally construed in order to allow for the determination of claims on their merits and to conserve judicial resources. *Id.* Accordingly, Rule 15(b) provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."

Courts have examined a number of factors when determining whether amendment of the pleadings to conform to the evidence is appropriate under Rule 15(b). The primary concern for most courts is possible prejudice to the defendant from a late amendment. *See UBS Securities, Inc. v. Tsoukanelis*, 852

F.Supp. 244, 247 (S.D.N.Y.1994). With this concern in mind, amendment has been permitted under Rule 15(b) where the new claim that is added was subsumed in the context of the case and would require no new discovery, *id.*, where the defendant had a fair opportunity to litigate the issue added, *Silver v. Nelson*, 610 F.Supp. 505, 520 (D.C.La.1985) and where the defendant did not object to the insertion of the issue into the proceedings. *Gillespie v. First Interstate Bank of Wisconsin*, 717 F.Supp. 649, 653 (E.D.Wis. 1989).

■■ In this case, plaintiffs have sought recovery under O.R.C. § 3109.09 in their motion for summary judgment. In the interest of finality and judicial economy, this Court will construe plaintiff's motion as a motion for amendment of the pleadings as well. Such an amendment will not prejudice the defendant, as the evidence relevant to a claim under O.R.C. § 3109.09 is identical to that developed in connection with the other claims plaintiffs assert. Indeed, through discovery in this case, both parties have specifically addressed the intention of and motive for Brad Brandeburg's actions on the night of October 27, 1994. Moreover, given the original allegations and claims contained in the complaint, defendants were well aware that plaintiffs sought to hold the parents liable for the actions of their children, the statutory basis for doing so being a formality. Finally, defendants have failed to object or even respond to the plaintiffs' motion for summary judgment on this previously unpled theory. Under the facts of this case, this Court finds that the defendants would not be prejudiced by amendment of the complaint to add a claim under O.R.C. § 3109.09.[3]

■■■ Accordingly, this Court finds that the complaint in this case will be amended to include the plaintiffs' cause of action under O.R.C. § 3109.09. In addition, this Court finds that summary judgment is appropriate on that claim. "Willful damaging" of property under this statute means the intentional

---

**3.** It is also pertinent that courts are to avoid engaging in vain acts. To require a formal motion to amend, which under Rule 15 would surely be granted, and rebriefing for the merits of

this claim would be pointless. On the facts presented here, judgment under O.R.C. § 3109.09 is virtually mandated.

doing of the act which occasions the damage and resulting loss, coupled with the intent or purpose of causing the damage. *Motorists Mutual Insurance v. Bill*, 56 Ohio St.2d 258, 383 N.E.2d 880 (1978). Under this section, therefore, to impose liability upon the parent, both the initial act and the subsequent damage must be found to be intentional. *Id.*

In this case, the evidence demonstrates that Brad Brandeburg was found delinquent of attempted arson, a crime that requires proof of intent. In addition, the affidavit of James Beskur states that it was Brandeburg's intention to "do something" to the Byrds on the night of October 27, 1994, that he saw Brandeburg and another boy make a Molotov cocktail, and that he was informed, after the fact, that Brandeburg and another boy had "bombed the Byrd house." This unrebutted evidence demonstrates Brandeburg's intention to throw the Molotov cocktail at the Byrd home and the use of the Molotov cocktail itself demonstrates the intention to cause fire damage to the Byrd home. Accordingly, this Court finds that summary judgment is appropriate as to Cheryl and Gerald Brandeburg's liability for Brad's actions under O.R.C. § 3109.09.

### Conclusion

For all of these reasons, plaintiffs' motion for summary judgment on their claims under § 3604(a), § 3617, of the Fair Housing Act and 42 U.S.C. § 1982, contained in count one of their complaint and on their claim under O.R.C. § 3109.09 are **GRANTED**. Trial on the appropriate amount of damages will commence on April 22, 1996 at 9:00 a.m. Final pretrial will take place on April 12, 1996 at 2:00 p.m.

IT IS SO ORDERED.