Kulwant **EGAN, et al., Plaintiffs,**

v.

**Gaetana SCHMOCK, et al., Defendants.**

**No. C–99–21031–JF (EAI).**

United States District Court,
N.D. California,
San Jose Division.

April 14, 2000.

---

D. Scott Chang, Belmont, CA, Ruth Silver Taube, Silver & Taube, San Jose, CA, for Plaintiffs.

Terilyn Perez, Clapp, Maroney, Bellagamba, Davis & Vucinich, Menlo Park, CA, for Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

### [Docket No. 12]

FOGEL, District Judge.

On April 10, 2000, the Court heard oral argument regarding Defendants' motion to dismiss. The motion will be granted in part and denied in part for the reasons set forth below.

## I. BACKGROUND

Plaintiffs are Kulwant Egan, his wife Tara Egan, and their minor son Sachit Egan ("the Egans"). They allege that their neighbors, Mr. and Mrs. Schmock, have been harassing and intimidating them for more than nine years because of their national origin, which is East Indian. The complaint sets forth a number of acts by Mrs. Schmock, including: calling the Egans "dirty Indians" and telling them to go back where they came from; wrapping a towel around her head turban-style and

putting a dot of lipstick on her forehead to mock Mrs. Egan's traditional style of dress; calling Sachit Egan a "monkey" and throwing a banana over the fence onto the Egans' property; giving the "finger" to the Egans and their guests; photographing and videotaping the Egans and their guests; throwing water and yard clippings on the cars of the Egans' guests; and following the Egans on her bicycle. The complaint does not allege any such conduct on the part of Mr. Schmock.

The Egans filed the present action in this Court on October 15, 1999, asserting two federal statutory claims, one under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq. and one under 42 U.S.C. § 1982 (" § 1982"). The Egans also assert state law claims for violation of the Fair Employment and Housing Act ("the FEHA"), California Government Code § 12900 et seq., violation of the Ralph Act, California Civil Code § 51.7, violation of the Bane Act, California Civil Code § 52.1, negligence, invasion of privacy and nuisance. With respect to the claims asserted against Mrs. Schmock, Defendants move to dismiss the two federal law claims and several of the state law claims. Defendants move to dismiss all claims asserted against Mr. Schmock. Plaintiffs oppose the motion.

## II. LEGAL STANDARD

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); Argabright v. United States, 35 F.3d 472, 474 (9th Cir.1994). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. See Lucas v. Department of Corrections, 66 F.3d 245, 248 (9th Cir.1995). However, where amendment would be futile, dismissal may be ordered with prejudice. See Albrecht v. Lund, 845 F.2d 193, 195–96 (9th Cir.1988);

Beezley v. Fremont Indemnity Co., 804 F.2d 530, 531 (9th Cir.1986); see also Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir.1996)(holding that dismissal without leave to amend was appropriate where the plaintiff had filed four complaints and yet continued to allege insufficient facts).

## III. DISCUSSION

### A. Fair Housing Act

In general, the FHA "prohibits discrimination on enumerated bases in the sale or rental of public or private housing." Covey v. Hollydale Mobilehome Estates, 116 F.3d 830, 832 (9th Cir.1991), as amended on denial of rehearing, 125 F.3d 1281 (9th Cir.1997). The Egans assert that the Schmocks' behavior violated § 3617 of the FHA, which provides:

It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

42 U.S.C. § 3617. Sections 3603, 3604, 3605 and 3606 protect individuals' rights to be free from discrimination in connection with the sale or rental or real property.

The Schmocks contend that the Egans have failed to state a claim under § 3617 because the alleged conduct is unrelated to the Egans' exercise of a right guaranteed by §§ 3603–3606, that is, a right to be free from discrimination in the sale or rental of real property. The Egans contend that they are not required to allege a connection between the Schmocks' conduct and the sale or rental of real property, and that they can state a claim under § 3617 based solely upon the Schmocks' interference with the Egans' enjoyment of their home.

There does not appear to be any controlling authority on this point. In fact, the Court has found little case law discussing

application of § 3617 when the allegedly discriminatory conduct is not directly related to the sale or rental of real property. However, a few courts have applied § 3617 to violent or threatening conduct designed to drive individuals out of their homes. For example, in *Ohana v. 180 Prospect Place Realty Corp.*, 996 F.Supp. 238 (E.D.N.Y.1998), the plaintiffs were Jewish individuals who had moved into an apartment in Brooklyn. They alleged that two neighbors engaged in harassing and intimidating conduct, including stalking the plaintiffs, expressing unhappiness that "whites" had moved in, yelling loudly that "the motherf—ker Jews" had to go, pounding on apartment walls while yelling "Jews move," and threatening to kill the plaintiffs. *Id.* at 239. The district court found these allegations sufficient to state a claim under § 3617, holding that the FHA "not only protects individuals from discrimination in the acquisition of their residences because of race, color, religion, sex, familial status, or national origin, but also protects them from interference by their neighbors for such discriminatory reasons in the peaceful enjoyment of their homes." *Id.* Similarly, in *Stirgus v. Benoit*, 720 F.Supp. 119, 123 (N.D.Ill.1989), the district court found sufficient the plaintiff's allegations that her home had been firebombed in order to scare her out of the neighborhood.

■ This Court agrees with the reasoning set forth in *Ohana* and *Stirgus* and therefore holds that a § 3617 claim may be based upon discriminatory conduct [1] which is designed to drive the individual out of his or her home. Plaintiffs, however, request that the Court interpret § 3617 more broadly to cover *any* discriminatory conduct which interferes with an individual's enjoyment of his or her home. The Court concludes that Congress did not intend that the FHA reach so far. If Plaintiffs' construction were adopted, any dispute between neighbors of different races

or religions could result in a lawsuit in federal court under the FHA. The few reported cases applying the FHA to neighbor disputes involve violent or threatening conduct designed to drive the victim out of his or her home; the Court is unaware of any cases applying the FHA as broadly as is requested by Plaintiffs.

The Court concludes that the conduct alleged in the present case is sufficient to come within § 3617 provided that the intent of the conduct was to drive the Egans out of their home. The Egans have not alleged such intent. Accordingly, the Court will dismiss the FHA claim with leave to amend.

**B. Section 1982**

The Egans also assert that the Schmocks' behavior violated § 1982, which provides:

> All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

42 U.S.C. § 1982. There is a surprising dearth of reported decisions discussing application of § 1982 in the context of neighborhood harassment as opposed to discrimination in the sale or rental of property. However, some courts have held that allegations of violent or intimidating acts motivated by a discriminatory animus are sufficient to state a claim for deprivation of the right to "hold" real property as guaranteed under § 1982. *See Byrd v. Brandenburg*, 922 F.Supp. 60 (N.D.Ohio 1996)(holding that allegations of racially motivated firebombing were sufficient to state a claim under § 1982); *Stirgus*, 720 F.Supp. at 121–22 (same). This Court agrees with these decisions, and concludes that the analysis under § 1982 should be the same as the analysis under the FHA. Accordingly, the Court will dis-

---

1. By "discriminatory conduct" the Court means conduct motivated by an individual's race, color, religion, sex, familial status, national origin or handicap.

miss the § 1982 claim with leave to amend so that Plaintiffs may allege an intent to drive them out of their home.

## C. California's Fair Employment And Housing Act

The FEHA provides, in relevant part, that:

It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of that person having exercised or enjoyed, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by Section 12955 or 12955.1.

Cal. Govt.Code § 12955.7. This language mirrors the language of the FHA, discussed above. The California courts have recognized that the FEHA is intended to conform to the general requirements of the FHA. *See Brown v. Smith,* 55 Cal. App.4th 767, 780, 64 Cal.Rptr.2d 301 (1997). In the absence of any California authority to the contrary, this Court will interpret § 12955.7 of the FEHA consistently with § 3617 of the FHA. Accordingly, the Court will dismiss the FEHA claim with leave to amend in order to allege an intent to drive the Egans from their home.

## D. California's Ralph Act

■ California's Ralph Act provides in relevant part that:

All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of their race, color, religion, ancestry, national origin, political affiliation, sex, sexual orientation, age, disability, or position in a labor dispute, or because another person perceives them to have one or more of those characteristics. The identification in this subdivision of particular bases of discrimination is illustrative rather than restrictive. This section does not apply to statements concerning positions in a labor dispute which are made during otherwise lawful labor picketing.

Cal. Civ.Code § 51.7.

The Egans have not alleged violence or intimidation by threat of violence. Accordingly, the Ralph Act claim will be dismissed with leave to amend.

## E. California's Bane Act

California's Bane Act provides in relevant part that:

Whenever a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney may bring a civil action for injunctive and other appropriate equitable relief in the name of the people of the State of California, in order to protect the peaceable exercise or enjoyment of the right or rights secured.

Cal.Civ.Code § 52.1(a). The Bane Act further provides that any person subjected to the above-described conduct may bring a civil action on his or her own behalf. Cal. Civ.Code § 52.1(b).

The Egans' claim appears to be based upon alleged deprivations of rights secured by the statutes discussed above. Because the Egans have not, as yet, alleged facts sufficient to make out claims under these statutes, the Court will dismiss the Bane Act claim with leave to amend.

## F. Deprivation Of The Right Of Privacy

■ The Egans assert a claim for deprivation of the right of privacy guaranteed under the California Constitution. A plaintiff asserting such a claim must establish: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy

in the circumstances; and (3) conduct by the defendant constituting a serious invasion of privacy. *See Hill v. National Collegiate Athletic Association,* 7 Cal.4th 1, 39–40, 26 Cal.Rptr.2d 834, 865 P.2d 633 (1994). The Egans' allegations that Mrs. Schmock stalked them and filmed them in their home are sufficient to satisfy these elements.

### G. Claims Against Mr. Schmock

 The Egans assert no conduct by Mr. Schmock. Accordingly, Mr. Schmock requests that all claims against him be dismissed. The Egans contend that Mrs. Schmock was acting as the agent of Mr. Schmock and therefore that her conduct should be attributed to him. While some cases have held that discriminatory conduct by an agent may be attributed to the principal for purposes of liability under fair housing laws, those cases involved situations in which a property manager's conduct was attributed to the property owner. *See, e.g. Walker v. Crigler,* 976 F.2d 900, 904 (4th Cir.1992); *Llanos v. Estate of Coehlo,* 24 F.Supp.2d 1051, 1061 (E.D.Cal. 1998). The Court is unaware of any cases in which acts such as those described by the Egans have been attributed to another based upon an agency theory. Accordingly, the Court will dismiss the complaint as to Mr. Schmock. The Court will grant leave to amend in order to give the Egans an opportunity to allege conduct by Mr. Schmock personally.[2]

### IV. ORDER

IT IS HEREBY ORDERED THAT:

(1) with respect to the claims against Mrs. Schmock, the motion to dismiss is GRANTED WITH LEAVE TO AMEND as to the claims arising under the FHA, § 1982, the FEHA, the Ralph Act and the Bane Act and is DENIED as to the claim for deprivation of the right of privacy guaranteed under the California Constitution;

(2) with respect to the claims against Mr. Schmock, the motion to dismiss further is GRANTED WITH LEAVE TO AMEND as to all claims; and

(3) any amended complaint shall be filed and served within thirty (30) days after receipt of this order.

2. Conceivably, such conduct could include directing or encouraging Mrs. Schmock to act in the manner she is alleged to have acted.