OLIVER JUDD & others *vs.* MYRON LAWRENCE & another.

An alien, resident within the commonwealth, is entitled to the benefit of the insolvent laws.

THIS was a petition of certain creditors of Arthur Sowerby, an inhabitant of Northampton, setting forth, that, on an application made by him to the commissioner of insolvency, for the benefit of the insolvent laws, a warrant had been issued

and a meeting of creditors held, and praying that all furthei proceedings therein might be stayed, on the ground that Sowerby was an alien, and therefore not within the provisions of the several acts relating to insolvent debtors.

The alienage of Sowerby being admitted, the only question submitted to the court was, whether the insolvent laws extended to and embraced the case of aliens.

*C. P. Huntington,* for the petitioners.

1. It does not follow, that, because aliens may be considered as included within the general terms of the *St.* 1838, *c.* 163, § 1, "any debtor," &c., they are therefore within its provisions. They must also be clearly within the meaning and intention. *Claflin* v. *Beach,* 4 Met. 392. Corporations are within the terms, but not the meaning, and so not subject to the provisions, of the insolvent laws. *Comm'th* v. *Phœnix Bank,* 11 Met. 129, 150. The words "inhabitants" and "residents," though broad enough to include aliens, may nevertheless be restrained, if the subject matter require it, to such inhabitants or residents as are also citizens. *Opinion,* &c., 7 Mass. 523, 525. The widow of an alien is not entitled to dower; *Sewall* v. *Lee,* 9 Mass. 363; nor can an alien husband be tenant by the curtesy; *Foss* v. *Crisp,* 20 Pick. 121, 125; yet the provisions of the statutes relating to dower and curtesy are broad enough to include aliens.

2. The authority, conferred on the commissioner to assign all the property of the debtor, both real and personal, which the debtor himself "could by any way or means have lawfully sold, assigned or conveyed," shows that the insolvent laws were not intended to apply to aliens, who can neither hold, nor make any valid or effectual conveyance of, real estate. *Scanlan* v. *Wright,* 13 Pick. 523; *Slater* v. *Nason,* 15 Pick. 345, 349; *Wilbur* v. *Tobey,* 16 Pick. 177. Hence, if aliens should be considered as within the insolvent laws, the proceedings in many cases must necessarily be partial and imperfect, inasmuch as they cannot affect or operate upon the real estate of the debtor. There would thus also be two insolvent systems established ; one for citizens, by which all

the property of the debtor, both real and personal, would be appropriated to the payment of his debts ; and the other for aliens, by which creditors could only resort to the personal estate of their debtor.

3. There is no constitutional power in a state to discharge the debts of aliens by means of an insolvent law. 1 Kent, (5th ed.), 422 ; 2 Same, 396 ; Story, Confl. §§ 340, 543 ; *Springer* v. *Foster,* 2 Story R. 383 ; *Betts* v. *Bagley,* 12 Pick. 572 ; *Agnew* v. *Platt,* 15 Pick. 417 ; *Bigelow* v. *Pritchard,* 21 Pick. 169 ; *Towne* v. *Smith,* 9 Law Reporter, 12 ; *Watson* v. *Bourne,* 10 Mass. 337.    The constitution of the United States gives jurisdiction of cases, to which aliens are parties, to the courts of the United States ; but there is no authority in the courts to dissolve attachments according to the *St.* of 1838, *c.* 163, § 20.

*R. A. Chapman & E. Dickinson,* for the respondents, argued, that the language of the several statutes, relating to insolvency, were broad and general enough to include aliens, and that there was nothing in the subject matter which rendered it necessary or proper that they should be excluded. It is the policy of our law to withhold political privileges from aliens, and to prevent them from becoming the owners of the soil ; but they are nevertheless allowed to acquire and enjoy all civil and municipal rights, which are not inconsistent with this policy.    Thus, so far as their personal contracts and liabilities are concerned, aliens stand upon the footing of citizens.    *Barrell* v. *Benjamin,* 15 Mass. 354, 358.

The objection, that the real estate of an alien insolvent cannot be affected by the proceedings, is one which the petitioners, who are attaching creditors, cannot make against the respondents, who represent creditors equally entitled with them to the benefit of the insolvent's estate.    But the objection itself is not well founded, inasmuch as the assignee may well take the real estate, subject to the claim of the commonwealth.

The limitation upon the power of the states is, that they cannot pass insolvent laws which shall be binding on persons

45*

not within their jurisdiction; but as to persons within their jurisdiction, there is no distinction between aliens and others. Laws may be passed by the several states, to protect the rights of aliens, with respect to contracts entered into by them; and, by the same rule, the states may pass laws to discharge aliens, as well as citizens, and in the same manner, and to the same extent, from the obligation of their contracts.

WILDE, J.  This case comes before us on a petition to stay proceedings before the commissioner of insolvency in this county; on the ground that the commissioner has no jurisdiction in the case stated in the petition and admitted by the answer of the respondents.

Arthur Sowerby, who made application to the commissioner, to take the benefit of the insolvent laws, was an alien residing in Northampton, in this county; and, it is contended on the part of the petitioners, that the insolvent laws do not extend to aliens, and were not so intended by the legislature; and that if they are to be so construed, they are void by the constitution of the United States, being laws impairing the obligation of contracts.

As to the first point, the insolvent laws (*St.* 1838, *c.* 163, and acts in addition thereto) extend in terms to all insolvent debtors, residing within this commonwealth; and this language unquestionably embraces aliens as well as native or naturalized citizens, unless it can be shown that such was not the intention of the legislature.  It has been argued, that this appears by the authority given to the commissioner to assign all the debtor's estate, real and personal, whereas an alien cannot hold or effectually assign real estate.  But, if this were so, there seems to be no reason why the personal estate of an alien insolvent debtor should not be distributed among his creditors under the insolvent laws, as well as the personal estate of native citizens who have no real estate.  But it is not true, that aliens cannot hold and assign real estate.  It is true, an alien cannot take by descent, but he may take by purchase or devise, and can hold against all except the commonwealth, and can be divested only by office found,

and, until office found, can convey. *Sheaffe* v. *O'Neil*, 1 Mass. 256; *Storer* v. *Batson*, 8 Mass. 431; *Fox* v. *Southack*, 12 Mass. 143. And whatever title the insolvent debtor could convey by deed may be assigned by the statute.

It was argued, that the courts of the United States have jurisdiction when an alien is a party, and that an attachment made by virtue of a writ from those courts cannot be dissolved, as is provided by the insolvent law of 1838, *c.* 163, § 20. But this objection would apply to an attachment of the property of a native citizen, as well as to that of an alien. We have no doubt, therefore, that an alien insolvent debtor is entitled to the benefit of the insolvent laws, and that he may be proceeded against by his creditors, in the same manner as they may do against a native citizen. The language of the statute extends to both, and there is no reason for any distinction between them.

As to the objection, that these insolvent laws are repugnant to the constitution of the United States, we are of opinion, that it is not sustained by the cases and authorities cited. When it is said, in some of these authorities, that no state can pass an insolvent law, except so far as regards its own citizens, and that foreign creditors, and creditors in other states, cannot be barred, while state creditors may be, it was not intended by the use of the word "citizens" to exclude aliens; an inhabitant may be termed a citizen, and there is no reason to suppose that the word was used in any other sense.

Such a law, extending only to native or naturalized citizens, would as much impair the obligation of contracts, as a law extending also to aliens. We think, therefore, that these insolvent laws are valid, and that the commissioner of insolvency has jurisdiction, and is authorized to proceed in the case stated.

*Petition dismissed.*