## HUBERT v. JOSE.

(Supreme Court, Appellate Division, Second Department. January 12, 1912.)

1. COURTS (§ 190*)—MUNICIPAL COURTS—APPEAL—EXCEPTIONS.

An exception to the denial by the Municipal Court of the City of New York of a motion in general terms to dismiss an action for a penalty, under Laws 1895, c. 1042, protecting all citizens in their civil rights, made at the close of plaintiff's case, does not present the question on appeal of the absence of proof that plaintiff was a citizen; for the fact may be that, if plaintiff's attention had been called to the omission to prove his status, he could have supplied the proof.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

2. CIVIL RIGHTS (§ 14*)—DISCRIMINATION AS TO SERVICE—EVIDENCE.

Where the refusal to serve plaintiff was made by defendant's servant, who was a waiter in his employ, and who came forward to plaintiff, and the refusal was placed on the express ground that he was a colored man, there was proof of refusal by defendant, so as to subject him to the penalty imposed by Laws 1895, c. 1042, protecting citizens in their civil rights; but defendant could show that the waiter acted contrary to orders and without defendant's consent, as bearing on the authority of the waiter.

[Ed. Note.—For other cases, see Civil Rights, Cent. Dig. §§ 11, 12; Dec. Dig. § 14.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Andrew Hubert against George Louis Jose. From a judgment of the Municipal Court, rendered for plaintiff, defendant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

Stephen O'Brien, for appellant.

Gates Hamburger, for respondent.

JENKS, P. J. The plaintiff recovered $150 as a penalty, under chapter 1042 of the Laws of 1895, in that the defendant, the keeper of an eating house, refused to serve him upon the express ground that he was a colored man. Two points are made against the judgment:

[1] First, it is contended that the motion to dismiss the plaintiff, made at the close of his case, should have been granted, in that there was no proof that the plaintiff was a "citizen." The fact

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

may be that the plaintiff was a "citizen," and that, if his attention had been called to the omission to prove such status, he could have supplied the proof. As the motion for dismissal was in general terms only, the exception to the denial of the motion to dismiss was not well taken, because the defendant did not· specify the alleged defect. Quinlan v. Welch, 141 N. Y. 158, 36 N. E. 12; Crapo v. City of Syracuse, 183 N. Y. 395, 402, 76 N. E. 465.

If it were necessary to consider the merits, I would be inclined to think that section 41 of the civil rights law is available to any person "within the jurisdiction of this state"; that is, that the term "citizen" is not employed in further limitation of status. Section 41 but prescribes the penalty for a violation of section 40, which affords certain civil rights to any person within the jurisdiction of this state. No reason suggests itself why any person protected by the law should not avail himself of this penalty prescribed for an infraction of the law. The terms employed do not require any such conclusion. McLean, J., in his dissenting opinion in the Dred Scott Case, 19 How. 531, 15 L. Ed. 691, says:

"The most general and appropriate definition of the term 'citizen' is 'a freeman.'"

In Union Hotel Co. v. Hersee, 79 N. Y. 459, 35 Am. Rep. 536, the court construed a provision in a contract that a certain sum be subscribed "by the citizens of Buffalo." It said that the term "citizens of Buffalo"—

"has more than one meaning, and must be taken in the sense which best harmonizes with the subject-matter in reference to which it is used. With what object and intention, therefore, was it introduced into the contract? This inquiry accords with an accepted rule of interpretation that 'all words, whether they be in deeds or statutes, or otherwise, if they be general and not express and precise, shall be restrained unto the fitness of the matter or person.' Bacon's Maxims of the Law, regula X. By the definition usually given, a citizen is 'an inhabitant of a city, town or place,' and so would include every person dwelling in the place named; but it is subject to various limitations, depending upon the context in which it is found. It may indicate a permanent resident, or one who remains for a time, or from time to time. That it has various meanings, according to the object in view, is well illustrated by different statutes in which it appears."

Endlich on the Interpretation of Statutes says (page 222):

"So under an act which gave jurisdiction in controversies between citizens of different states, it was held that the term 'citizen,' in that act, embraced not only those technically citizens—i. e., possessing the requisite qualifications for voting and holding real estate—but any one who resides in and is an inhabitant of a state."

See, too, Judd v. Lawrence, 1 Cush. (Mass.) 531–535; Sunman v. Clark, 120 Ind. 142, 22 N. E. 113; Bacon v. Board of Tax Commissioners, 126 Mich. 22–28, 85 N. W. 307, 60 L. R. A. 321, 86 Am. St. Rep. 524; McKenzie v. Murphy, 24 Ark. 155.

[2] The second point made is that there was no proof of any personal refusal by the defendant. But there is no dispute that the defendant was the proprietor of the place, and that the refusal was made by the defendant's servant, who was a waiter in his employ

about the defendant's business at the time, and who came forward to the plaintiff. In view of the satisfactory discussion of this point by Municipal Court Judge Freifeld, I need not dicuss it at length. The principle is well expressed in George v. Gobey, 128 Mass. 289, 35 Am. Rep. 376. See, too, Mechem on Agency, § 745, and cases cited. If the waiter was acting contrary to the defendant's orders, without his knowledge or consent, not merely in a colorable way, then the defendant would be entitled to show such disobedience as relevant upon the authority of the servant to refuse the entertainment. Westchester County v. Dressner, 23 App. Div. 215, 48 N. Y. Supp. 953, citing Town of Kirkwood v. Autenreith, 21 Mo. App. 73.

The judgment must be affirmed, with costs. All concur.