■ THE PEOPLE OF THE STATE OF NEW YORK, by ROBERT ABRAMS, as Attorney-General of the State of New York, Respondent, v NEIL C. HAMILTON, Doing Business as AMERICAN TRUTH VERIFICATION POLYGRAPH SERVICE, Respondent, and MESMER DAIRY STORES, INC., Appellant.—Order and judgment unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: The Attorney-General brought a special proceeding against Mesmer Dairy Stores, Inc. (Mesmer) and Neil Hamilton, alleging that both are responsible for sex discrimination in violation of various sections of Executive Law article 15 and the Civil Rights Law. Mesmer contracted with Hamilton to administer polygraphs to current and prospective employees and 522 such examinations were administered in a 2½-year period preceding this litigation, 339 of them to women. The Attorney-General's petition incorporated affidavits from six women alleging that Hamilton had unnecessarily touched them, particularly on their breasts and had asked improper questions of a sexual nature. Both respondents filed answers to the petition, Mesmer denying that it had knowledge or information concerning the substantive allegations and Hamilton denying them outright. Both respondents thereafter moved to dismiss the petitions pursuant to CPLR 3211 (a) (3).

Petitioner then cross-moved for a summary determination in its favor, attaching the affidavits of five more women making similar complaints. No response to those later affidavits appears in the record. The court denied respondents' motions, treated the contents of the later affidavits as uncontroverted and granted summary relief as requested by petitioners to those women against both respondents. The court referred the issues raised in the petition itself for trial.

Notices of appeal were filed by both Hamilton and Mesmer but only Mesmer has perfected its appeal. On appeal, Mesmer has not objected on the ground that Special Term awarded relief to persons not included in the petition. Mesmer does claim, however, that even assuming the truth of the later allegations, it has not violated any of the statutes alleged, even if Hamilton may have done so. We disagree.

In the absence of proof that Mesmer took any remedial action (cf. Matter of Totem Taxi v New York State Human Rights Appeal Bd., 65 NY2d 300, rearg denied 65 NY2d 1054), it violated Executive Law § 296 (1) (a) by continuing to use Hamilton to screen its employees and prospective employees after it had notice of his improper conduct.

Mesmer's violation of Executive Law § 296 (1) (a) on the facts of this case establishes, a fortiori, a violation of Civil Rights Law § 40-c, since knowledge by an employer of the acts of an employee is not required under that statute (see, Hubert v Jose, 148 App Div 718, 721).

The court erred in finding that Hamilton's business was a place of public accommodation as defined in Executive Law § 292 (9), and thus liable under Executive Law § 296 (2) (a), and that Mesmer violated Executive Law § 296 (6) by aiding or abetting Hamilton to violate section 296 (2) (a). This issue was controverted in the record and, therefore, was improperly decided on petitioner's cross motion for a summary determination, and, on this record, there is insufficient evidence to find as a matter of law that Hamilton's business was a place of public accommodation.

The Attorney-General has authority to bring this proceeding pursuant to Executive Law § 63 (12) and has the power to seek penalties to be paid to the aggrieved women pursuant to Civil Rights Law § 40-d. Remedial laws should be liberally construed to attain their objectives. Mesmer contends that each aggrieved woman should be required to commence an individual lawsuit seeking a penalty under section 40-d. This ignores the burden this would impose on individual litigants and on the courts. We see no reason why the Attorney-General may not seek penalties on behalf of individual victims, so long as the penalties are to be paid to the victims in accord with Civil Rights Law § 40-d.

We modify by deleting from the fourth decretal paragraph the determination that Mesmer violated Executive Law § 296 (2) (a) and (6) and otherwise affirm. (Appeal from order and judgment of Supreme Court, Erie County, Ostrowski, J.—Exec-

utive Law § 63 [12].) Present—Denman, J. P., Boomer, Pine, Lawton and Schnepp, JJ.