**PEOPLE OF the STATE OF NEW YORK, by Robert ABRAMS, Attorney General of the State of New York, Carole Brave, Gloria Germany, Stephanie McGrath, and Rita Cirino, Plaintiffs,**

v.

**Dan MERLINO d/b/a Realty Forum, Violet Ishoo, Abe H. Marji, and George "Doe," Defendants.**

**No. 88 Civ. 3133 (GLG).**

United States District Court, S.D. New York.

Sept. 16, 1988.

**1102**

Robert Abrams, Atty. Gen. of State of N.Y., New York City (Suzanne M. Lynn, Sanford Cohen and Marjorie Fujiki, Asst. Attys. Gen., of counsel), pro se.

Goodstein & West, New Rochelle, N.Y. (Robert David Goodstein, of counsel), for plaintiffs Carole Brave, Gloria Germany, Stephanie McGrath and Rita Cirino.

Haythe & Curley, New York City by James J. Harrington, for defendants.

## MEMORANDUM DECISION

GOETTEL, District Judge.

Plaintiffs, the State of New York and four individual female plaintiffs, two of whom are black, seek equitable relief and damages from four defendants, a real estate broker and three real estate salespersons, for an alleged pattern and practice of race and sex discrimination in the provision of real estate brokerage services in violation of federal and state civil rights laws. 42 U.S.C. §§ 1981, 1982, 3604 (a)–(d), 3617; N.Y.Exec.Law § 296.5(a), (c); N.Y.Civ. Rights Law § 40–c; N.Y.Exec.Law § 63(12).

The case is before the court upon defendants' motion to dismiss the claims asserted under Title VIII of the Fair Housing Act, 42 U.S.C. §§ 3604, 3617, as barred by the statute of limitations, and to dismiss all claims asserting sexual discrimination for failure to state a cause of action. Fed.R. Civ.P. 12(b)(6).

For the reasons given below, the defendants' motion to dismiss certain claims as being time barred is denied as to the claims alleging racial discrimination, but is granted with leave to replead as to those claims alleging sexual discrimination. The defendants' motion is in all other respects denied.

Briefly, the facts alleged are that at least since 1985, defendant Merlino has engaged in a pattern and practice of sex discrimination by subjecting his female customers for housing to sexual harassment. The plaintiffs aver that Merlino subjects his female customers to unwanted physical touching and to suggestive sexual comments and propositions.[1] Plaintiffs also allege that at least since 1985, the defendants have engaged in a pattern and practice of racial discrimination by providing inaccurate information about the availability of housing opportunities in the City of Yonkers and by steering persons to certain neighborhoods and not others by reason of race.

*Statute of Limitations*

Section 3612 requires that a civil action brought under § 3604 "shall be commenced within one hundred and eighty days after the alleged discriminatory housing practice occurred." Defendants argue that the claims asserted under Title VIII are either time barred because they occurred outside the 180 day limitations period, or if within the 180 day period, are insufficient to bring the claims within the statute.

■ In the case at bar, in order to be timely, an alleged violation of § 3604 must have occurred within 180 days of May 5, 1988, or subsequent to November 7, 1987. However, time-barred claims may survive if they are alleged to be part of a continuing violation, with at least one occurrence within the statutory period. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380–381, 102 S.Ct. 1114, 1125–26, 71 L.Ed.2d 214 (1982) (where a plaintiff challenges not just one incident of conduct violative of Title VII, but an unlawful practice that continues into the limitations period, the complaint is timely when it is filed within

---

1. None of the private plaintiffs assert a claim under § 3604 alleging sexual or racial discrimination because such claims are barred by the statute of limitations of § 3612. Plntf's Memo. at 9, 10.

180 days of the last asserted occurrence of that practice).

The plaintiffs have pleaded a pattern and practice of both sexual and racial discrimination under § 3604, but only one of the acts complained of is clearly within the statutory period. The racial steering claim which allegedly occurred in March 1988 is timely. But, the acts giving rise to allegations of racial and sexual discrimination which occurred in "November 1987" cannot be deemed to be within or without the statutory period as the exact date has not been included in the complaint. Moreover, the allegations of sexual discrimination which occurred prior to November 8, 1987 are, without more, time barred and will survive only if they are alleged to be part of a pattern and practice which continues to within 180 days of the filing of the complaint.

Therefore, the court finds that the claims of racial discrimination alleged pursuant to § 3604 survive the motion to dismiss for failure to state a timely claim. The plaintiffs have asserted the defendants engaged in a pattern of discrimination, *United States v. City of Parma*, 494 F.Supp. 1049, 1095, (N.D. Ohio 1980), *aff'd in pertinent part*, 661 F.2d 562 (6th Cir.1981), *cert. denied*, 456 U.S. 926, 102 S.Ct. 1972, 72 L.Ed. 2d 441 (1982) (to demonstrate a pattern of discrimination prohibited under §§ 3604 and 3617, plaintiff must prove more than isolated incident of unlawful discrimination; rather, the discrimination must have been the regular procedure followed by defendant), and at least one of the alleged occurrences is within the requisite 180 days, *Havens Realty Corp.*, 455 U.S. at 380–381, 102 S.Ct. at 1125–26.

The court cannot determine at this juncture whether any of the claims of sexual harassment survive the bar of the statute of limitations. We note that only the act alleged to have occurred in "November 1987" holds out any promise of survival, the exact date in November being dispositive. The remaining claims, which as single incidents are clearly time barred, may survive only if part of a timely pleaded pattern and practice of discrimination. Ac-

cordingly, the plaintiffs are granted leave to replead in order to cure the omission of the exact date in November 1987 the alleged acts of sexual discrimination occurred.

■ The defendants' argument that the alleged conduct violative of § 3617 is either time barred or fails to state a claim is without merit. Section 3612 expressly applies to §§ 3603–3606, but § 3617 is not included within its sweep. There is persuasive authority for the proposition that Congress "designedly" refrained from including § 3617 within the limitation period of § 3612 and intended that any action commenced under § 3617, which may be enforced by any appropriate civil action, be brought within the time generally applicable to such action. *Smith v. Stechel*, 510 F.2d 1162, 1164 (9th Cir.1975) (the importance of the unusual promptness of § 3612 does not exist where the grievance is not the loss or lack of housing but is, instead, the injury resulting from wrongful interference with protected rights); *United States General, Inc. v. City of Joliet*, 432 F.Supp. 346, 355 (N.D.Ill.1977). In recognition of Congress' silence with regard to the matter of the limitations period applicable to § 3617, federal courts look to the most analogous state statute and borrow the state law limitations period for those statutes, *Warner v. Perrino*, 585 F.2d 171, 174 (6th Cir.1978) (proper statute of limitations for § 3617 claim is one controlling the analogous state fair housing statute). In New York, the applicable statute of limitations is three years for a claim brought under the state Human Rights Law, N.Y. Exec.Law §§ 290 *et seq.; Koerner v. State*, 62 N.Y.2d 442, 478 N.Y.S.2d 584, 586, 467 N.E.2d 232, 234 (1984) (a judicial action for discriminatory discharge commenced pursuant to the Human Rights Law is governed by a three-year statute of limitations); *Lashley v. Orlofsky, Inc.*, No. 82 Civ. 0392, slip op. (S.D.N.Y. Sept 14, 1982) Moreover, even if a claim is not made out under §§ 3603–3606, a claim may still be maintained pursuant to § 3617 and the three year statute of limitations would apply, *Stackhouse v. DeSitter*, 620 F.Supp. 208, 210–211 (N.D.Ill.1985) (§ 3617 may be

violated absent a violation of §§ 3603, 3604, 3605, or 3606; to read § 3617 as dependent upon a violation of the enumerated sections would render § 3617 superfluous); *Lashley v. Orlofsky, Inc.*, No. 82 Civ. 0392, slip op. (S.D.N.Y. Sept. 14, 1982).

### Sexual Harassment

The parties agree that the issue before this court with respect to a cause of action for sexual harassment under Title VIII is one of first impression in this circuit. Specifically, the issue presented is whether sexual harassment constitutes sexual discrimination as prohibited by the Fair Housing Act where the defendant real estate broker is alleged to subject female customers to sexual harassment during the provision of services, but no loss of housing is claimed as a result of those acts. The plaintiffs place great reliance on the fact that a similar issue arose under Title VII, which prohibits discrimination in employment. The Supreme Court held that even absent economic injury, sexual harassment did constitute a cause of action within the prohibition of sexual discrimination. *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). The plaintiffs argue that the purpose of Title VII and Title VIII is the same in that they seek to eliminate bias and prejudice in the workplace and housing market respectively and, therefore, the protection afforded by Title VIII should be no less than that extended by Title VII. Predictably, the defendants argue for a narrow application of the *Meritor* holding which arose out of a Title VII case. Additionally, the plaintiffs finds support from other jurisdictions in which courts have held that sexual discrimination under the Fair Housing Act encompasses claims of sexual harassment, *Grieger v. Sheets*, 689 F.Supp. 835 (N.D.Ill.1988) (upholding "quid pro quo" sexual harassment claim under § 3604(b) and § 3617); *Shellhammer v. Lewallen*, Fair Housing–Fair Lending Rptr. (P–H) ¶ 15,472 at 16,127 (W.D. Ohio 1983), *aff'd*, 770 F.2d 167 (6th Cir.1985) (both forms of sexual harassment are actionable under Title VIII; "hostile environment" if the conduct is sufficiently severe, or "quid pro quo" if sexual favors are sought in exchange for a housing benefit).

▇ We are aware the Second Circuit has "pointedly" reaffirmed the view that Title VII cases are relevant to Title VIII cases on recognition of the fact the "two statutes are part of a coordinated scheme of federal civil rights laws enacted to end discrimination." *Huntington Branch, NAACP v. Town of Huntington*, 844 F.2d 926, 934 (2d Cir.1988). *See United States v. Starrett City Assoc.*, 840 F.2d 1096 (2d Cir.1988); *Robinson v. 12 Lofts Realty, Inc.*, 610 F.2d 1032 (2d Cir.1979). In light of this and the rule of *Meritor*, we are reluctant at this stage of the proceedings to dismiss a claim of sexual harassment for failure to state a cause of action. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957) (complaint will not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief). *See generally Shellhammer*, Fair Housing–Fair Lending Rptr. (P–H) ¶ 15,472 (wherein elements of a hostile environment claim and a quid pro quo claim under Title VIII are set forth). Moreover, we observe that to the extent *Meritor* is an analogous precedent, the plaintiffs, to succeed, must demonstrate severe and pervasive sexual harassment, not isolated or trivial instances of harassment, and a relationship between the harassment and housing. But, that is to be left for a later stage in these proceedings.

▇ With respect to the claims alleging sexual harassment pursuant to state law, the defendants present the same arguments they used with regard to the federal claims alleging sexual harassment. Plaintiffs present the same counterarguments, namely that a cause of action for sexual harassment under the employment discrimination laws has been recognized by the state courts and because they are both part of an overall scheme, the same cause of action should be recognized pursuant to the state fair housing law. We agree. *See People of The State of New York v. Hamilton*, 125 A.D.2d 1000, 511 N.Y.S.2d 190 (4th Dept.1986) (wherein appellate court af-

firmed lower court order with respect to sexual discrimination in violation of New York Human Rights and Civil Rights Laws even without claim of economic injury); *State University of New York at Albany v. State Human Rights Appeal Board,* 81 A.D.2d 688, 438 N.Y.S.2d 643 (3d Dept. 1981) (proceeding arose from charges of sexual discrimination in form of sexual harassment occurring in workplace); *Rudow v. New York City Commission on Human Rights,* 123 Misc.2d 709, 474 N.Y. S.2d 1005, *aff'd,* 109 A.D.2d 1111, 487 N.Y. S.2d 453 (1st Dept.1985) (court recognized a cause of action for sexual harassment despite lack of economic harm, and noted federal courts' interpretations of Title VII are instructive, although not binding, on state courts' view of local anti-discrimination statutes).

We have considered the defendants' other arguments and find them to be without merit.

The defendants' motion to dismiss certain claims as being time barred is granted in part and denied in part. The complaint is dismissed only with respect to those federal claims alleging sexual discrimination, but the plaintiff is granted 20 days to replead. The defendants' motion to dismiss is denied in all other respects.

SO ORDERED.