Xiangyuan (Sue) ZHU, Plaintiff,

v.

FISHER, CAVANAUGH, SMITH
& LEMON, P.A. & Thomas
G. Lemon, Defendants.

No. CIV.A. 00–2329–KHV.

United States District Court,
D. Kansas.

Feb. 7, 2001.

Xiangyuan (Sue) Zhu, Topeka, KS, pro se.

Stephen W. Cavanaugh, Thomas G. Lemon, Fisher, Cavanaugh, Smith & Lemon, P.A., Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

Plaintiff Xiangyuan (Sue) Zhu filed this action *pro se* on July 7, 2000, claiming that defendants violated 42 U.S.C. §§ 1982 and 1983 by discriminating against her on the basis of race, sex, national origin and familial status and that defendants engaged in threatening conduct, coercion, interference, intimidation, harassment and conspiracy in violation of the Fair Housing Act ("FHA"). Plaintiff also appears to assert a state law defamation claim. On September 26, 2000, this Court granted defendants' unopposed motion to dismiss and entered judgment for defendants. See Docs. # 5, 6. This matter comes before the Court on plaintiff's Motion For Reconsideration Or, Alternatively, Notice of Appeal (Doc. # 7) filed October 3, 2000, which the Court construes as a motion to alter or amend judgment,[1] and plaintiff's Motion To Consolidate (Doc. # 12) filed January 21, 2001. For reasons set forth below, the Court finds that plaintiff's motion to alter or amend should be overruled, that plaintiff's state law defamation claim should be dismissed without prejudice and that plaintiff's motion to consolidate should be overruled as moot.

### Facts

On April 28, 2000[2], plaintiff, a first time home buyer, filed a complaint under the Federal Fair Housing Act, 42 U.S.C. §§ 3601–3610. The complaint alleged that Countrywide Realty Company, Inc. and

---

1. Pursuant to Rule 59(e), Fed.R.Civ.P., a motion to alter or amend judgment must be filed no later than 10 days after entry of judgment.

2. Plaintiff attached to her complaint in this case a copy of the Housing and Urban Development Housing Discrimination Complaint and a letter from HUD indicating that agency

Marc E. Bunting of Countrywide Realty discriminated against her on the basis of her national origin and sex by failing to correct defects in a house that she apparently had purchased from Countrywide. Plaintiff alleged that Bunting threatened and intimidated her, sexually harassed and assaulted her, and raped her.[3]

On May 12, 2000, defendant Thomas G. Lemon, an attorney, sent plaintiff a letter on the stationary of defendant law firm, Fisher, Cavanaugh, Smith and Lemon, P.A. The letter stated as follows:

Be advised that our firm represents Marc Bunting, Bunting Appraisal Services and Bunting Real Estate Services. All further contact with Mr. Bunting or his businesses should be directed to our attention.

Mr. Bunting informs me that you have engaged in a two year practice of stalking, criminal trespass and telephone harassment against he [sic] and his businesses. Any additional furtherance of this behavior will result in a request that criminal charges be filed against you. Be advised that we are very serious about this and will take all legal measures necessary to ensure that your behavior is stopped.

If you contact either Mr. Bunting or his family by phone, it will be considered telephone harassment. The police will be contacted and it will be requested that prosecution be commenced. If you enter onto or into any property owned, leased or otherwise legally occupied by Mr. Bunting or his family, the police will be called it and it will be requested that you be prosecuted for criminal trespass. Mr. Bunting only wishes for you to leave he [sic] and his family alone. If you will simply cease your harassment, all involved will be free to go about their lives. If not, Mr. Bunting does not intend to allow you the pleasure of continuing with this conduct. Legal action will be taken and taken swiftly. I trust that the above will result in you ceasing your unlawful behavior.

Complaint, Doc. # 1, Attachment. On May 19, 2000, Lemon on Bunting's behalf filed a petition for permanent restraining order against plaintiff in the District Court of Shawnee County, Kansas.

Plaintiff alleges that in sending the letter and filing the petition for a restraining order, defendants violated her rights "under 42 U.S.C. §§ 1982 and 1983, and Civil Rights Law VIII *et seq.* [by] libeling, defamation, intimidation, threatening, coercion, interfering, harassment, Etc." Complaint, Doc. # 1. On September 26, 2000, this Court granted defendants' unopposed motion to dismiss and entered judgment for defendants.[4] See Docs. # 5, 6.

### Standards For Motions To Alter Or Amend

The Court has discretion whether to grant or deny a motion to alter or amend the judgment.[5]

See *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir.1988).

---

received the complaint on April 28, 2000. Plaintiff dated her signature on the complaint May 8, 2000.

3. She also included in her housing complaint allegations that Robert Thomas and Candace Thomas, who apparently are associated with Countrywide Realty, threatened and intimidated her and interfered with her housing rights.

4. Because plaintiff failed to timely comply with D. Kan. Rule 7.1(b) or seek an extension of time to respond under D. Kan. Rule 6.1(a), the Court sustained defendants' motion to dismiss as uncontested pursuant to D. Kan. Rule 7.4.

5. The Federal Rules of Civil Procedure do not recognize motions for reconsideration. See *Hatfield v. Board of County Comm'rs*, 52 F.3d 858, 861 (10th Cir.1995); *Loum v. Houston's Restaurants, Inc.*, 177 F.R.D. 670, 671

The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See *Major v. Benton,* 647 F.2d 110, 112 (10th Cir.1981); *Burnett v. Western Resources, Inc.,* 929 F.Supp. 1349, 1360 (D.Kan.1996). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. See *Voelkel v. General Motors Corp.,* 846 F.Supp. 1482, 1483 (D.Kan.), aff'd, 43 F.3d 1484 (10th Cir.1994). Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991), *cert. denied,* 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).

### Rule 12(b)(6) Motion to Dismiss Standards

■ A 12(b)(6) motion should not be granted unless it is beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief, *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir.1997), or when an issue of law is dispositive. *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The Court accepts all well-pleaded factual allegations in the complaint as true, see *Ash Creek Mining Co. v. Lujan,* 969 F.2d 868, 870 (10th Cir.1992), and makes

all reasonable inferences from those facts in the light most favorable to plaintiff. *Witt v. Roadway Express,* 136 F.3d 1424, 1428 (10th Cir.1998).

■ The issue in reviewing the sufficiency of plaintiff's complaint is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support her claims. Although a plaintiff need not precisely state each element of her claims, she must plead minimal factual allegations on those material elements that must be proved. See *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

### Analysis

■ In her motion to reconsider, plaintiff asserts that she did not receive a copy of defendants' motion to dismiss. Defendants counter that the certificate of service reflects that defendants mailed to plaintiff's last known address a copy of the motion and memorandum in support, and thus defendants complied with requirements for service under Fed.R.Civ.P. 5. Even if defendants complied with service requirements under the Federal Rules, however, the Court finds that plaintiff should be allowed to respond to the merits of defendants' motion to dismiss.

Defendants contend that plaintiff has failed to state a claim upon which relief can be granted. Defendants assert that they are not state actors for purposes of Section 1983, that they are not amenable to suit under Section 1982 or the Fair Housing Act, and that plaintiff has failed to set forth facts supporting any discernable state law claim.[6] The Court addresses these arguments in turn.

---

(D.Kan.1998). While the Rules of Practice and Procedure for the District of Kansas contain a provision entitled "Motions to Reconsider," D. Kan. Rule 7.3, this provision is intended to apply only to non-dispositive judgments and orders. *Loum,* 177 F.R.D. at 671 (citation omitted). Nevertheless, a motion to

alter or amend is essentially a motion for reconsideration. *Hilst v. Bowen,* 874 F.2d 725, 726 (10th Cir.1989); *Koch v. Shell Oil Co.,* 911 F.Supp. 487, 489 (D.Kan.1996).

**6.** Defendants further contend that the complaint against defendant law firm must be

42 U.S.C. Section 1983

■■ In order to set forth a claim for relief under 42 U.S.C. § 1983, plaintiff must assert that defendants acted under color of state law to deprive her of a federal right. See *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1237 (10th Cir.1999); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir.1992). The Supreme Court uses a two-part test to determine whether an action is attributable to the state. First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. Second, the party charged with the deprivation must be a person who may fairly be considered a state actor. See *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). In this case plaintiff brings suit against a private law firm and one of its individual members. Plaintiff does not allege any facts to support a finding that defendants are state actors. Thus, plaintiff fails to set forth a Section 1983 claim.

42 U.S.C. § 1982

Defendants also assert that plaintiff has failed to allege facts supporting a claim under 42 U.S.C. § 1982, which prohibits racial discrimination in conjunction with inheriting, purchasing, leasing, selling, holding and conveying real property. Plaintiff apparently contends that defendants violated Section 1982 when, as counsel for Bunting, they sent a letter which asked plaintiff to cease contact with Bunting, and when they represented Bunting in seeking a restraining order against plaintiff.

■ In order to set forth a claim under Section 1982, plaintiff must allege that (1) she is a member of a racial minority; (2) that defendants denied her rights or benefits connected with ownership of property; and (3) that defendants would not have denied plaintiff these rights and benefits in the absence of racial discrimination. See *Reeves v. Carrollsburg Condominium Unit Owners Ass'n*, 1997 WL 1877201, at *8 (D.D.C.1997) (defendants violated § 1982 by not enforcing rules violations regarding racial harassment in way they enforced other rules).

■ Plaintiff alleges that she is Asian, and therefore she meets the first element of a Section 1982 claim. Whether she meets the second element is questionable. She appears to allege that defendants discriminated against her when they served as counsel for Bunting, who, according to the allegations of a separate lawsuit, discriminated against plaintiff because of her national origin, sex and race. The Court has found no cases which suggest service as counsel in a housing dispute, standing alone, constitutes the denial of a housing benefit. Cf. *Devereux Found., Inc. v. O'Donnell*, No. 89–6134, 1990 WL 2796, *6 (E.D.Pa.1990) (actions taken by law firm seeking writ of prohibition in housing dispute beyond coverage of FHA; because not "integrally involved in sale or rental of property"). Likewise, as for the third element, although plaintiff alleges that defendants' client acted out of racial animus, she does not allege that *defendants* did so. The Court finds that based on the facts alleged in plaintiff's complaint, she has failed to set forth a claim for relief under Section 1982.

Federal Fair Housing Act

The Fair Housing Act originally made it unlawful to "discriminate against any person in the terms, conditions, or privileges

dismissed under Fed.R.Civ. 12(b)(5) for insufficient service of process. Because the Court finds that defendants are entitled to dismissal

on the merits, it does not address the sufficiency of service.

of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, or national origin." 42 U.S.C. § 3604(b) (1982). In 1988, Congress extended coverage to persons with handicaps and also prohibited "familial status" discrimination, *i.e.*, discrimination against parents or other custodial persons domiciled with children under the age of 18. 42 U.S.C. § 3602(k); see *City of Edmonds v. Oxford House, Inc.*, 514 U.S. 725, 115 S.Ct. 1776, 131 L.Ed.2d 801 (1995). Sexual harassment is actionable under this provision of Title VIII. See *New York ex rel. Abrams v. Merlino*, 694 F.Supp. 1101, 1104 (S.D.N.Y.1988). The FHA also makes it unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of . . . any right granted or protected by section[s] 3603, 3604, 3605, or 3606 of this title." *Id.* at §§ 3617, 3602(f).

Some courts have held that Section 3617 is not limited to those who used some sort of "potent force or duress," but extends to actors who are in a position to directly disrupt the exercise or enjoyment of a protected right and exercise their powers with a discriminatory animus. Under this standard, the language "interfere with" covers overt acts such as racially-motivated firebombings, *Stirgus v. Benoit*, 720 F.Supp. 119 (N.D.Ill.1989), sending threatening notes, *Sofarelli v. Pinellas County*, 931 F.2d 718 (11th Cir.1991), and less obvious but equally illegal practices like exclusionary zoning, *United States v. City of Birmingham*, 727 F.2d 560 (6th Cir.1984).

■ The test for sufficiency of a claim under Section 3617 requires the complaint to allege that (1) plaintiff is a member of a protected class under the Fair Housing Act; (2) she exercised or enjoyed a right protected by §§ 3603–3606, (3) defendants' conduct was at least in part intentional discrimination; and (4) defendants' conduct constituted coercion, intimidation, threat or interference on account of having exercised a right protected under §§ 3603–3606. See *People Helpers Found. v. City of Richmond*, 781 F.Supp. 1132 (E.D.Va. 1992); *Cass v. American Props., Inc.*, 1995 WL 132166 (N.D.Ill.1995).

■ As with her Section 1982 claim, plaintiff appears to assert that defendants violated Section 3617 of the Fair Housing Act through their legal representation of Bunting. In support of this contention she relies upon the facts that Lemon wrote a letter requesting that plaintiff cease contacts with Bunting, and that Lemon filed Bunting's state court petition for a restraining order against her. Mere legal representation of a third party who allegedly violated plaintiff's fair housing rights, however, does not give rise to an actionable claim against defendants. An attorney is not liable for the actions of a client simply because the attorney provided legal advice to the client. See *Newburger, Loeb & Co. v. Gross*, 563 F.2d 1057, 1080 (2nd Cir.1977); see also *Sampson v. Rumsey*, 1 Kan.App.2d 191, 563 P.2d 506 (1977) (attorney-client communications privilege extends immunity to parties to private litigation); *Biofeedtrac v. Kolinor Optical Enters.*, 832 F.Supp. 585, 591 (E.D.N.Y.1993); see also *Heffernan v. Hunter*, 189 F.3d 405, 413 (3d Cir.1999) (in civil rights case under 42 U.S.C. § 1985 no conspiracy possible unless challenged conduct occurs outside scope of representation; in light of "regulatory framework" that protects parties from unscrupulous lawyers, conspiracy immunity in attorney-client context is compelling). Plaintiff has failed to set forth a Fair Housing Act claim under Section 3617.

Pendent State Law Claim

To the extent that plaintiff attempts to raise a state law claim of defamation, the Court declines to exercise jurisdiction over

that claim. According to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction once it has dismissed the claims over which it had original jurisdiction. See *Lancaster v. Independent Sch. Dist. No. 5,* 149 F.3d 1228, 1236 (10th Cir.1998). If all federal claims are dismissed before trial, state law claims will generally be dismissed as well. See *United Mine Workers v. Gibbs,* 383 U.S. 715, 725–26, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Thatcher Enters. v. Cache County Corp.,* 902 F.2d 1472, 1478 (10th Cir.1990). Because the Court has dismissed plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over the state law defamation claim.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Reconsideration Or, Alternatively, Notice of Appeal (Doc. # 7) filed October 3, 2000 be and hereby is **OVERRULED**. The Court declines to exercise supplemental jurisdiction over plaintiff's defamation claim and it is hereby DISMISSED without prejudice. **IT IS FURTHER ORDERED** that plaintiff's Motion To Consolidate (Doc. # 12) filed January 21, 2001 be and hereby is **OVERRULED** as moot.