ADAM GORDON et al., Appellants, v PL LONG BEACH, LLC, Respondent. [903 NYS2d 461]—

In an action, inter alia, for injunctive relief and to recover damages for discrimination in the access to and use of a public accommodation on the basis of disability in violation of the Americans with Disabilities Act (42 USC § 12101 *et seq.*), Executive Law § 296, and Civil Rights Law § 40-c, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Galasso, J.), dated October 6, 2008, as denied their motion for summary judgment on the complaint and granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's cross motion which was for summary judgment dismissing the

complaint, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant owns and operates a movie theater (hereinafter the cinema). In 2001 and 2002, it renovated the cinema to convert it into a multiplex with four screens. The four auditoriums within the cinema (hereinafter together the theaters) each contain 160 or fewer seats for able-bodied patrons (hereinafter standard seats) and include an area with a nonsloped floor directly behind the last row of standard seats which is designated as the wheelchair seating area (hereinafter the wheelchair area). The theaters do not contain seats attached to the floor next to the wheelchair areas for the companions of disabled patrons who use the wheelchair areas, but the defendant provides portable seats to such companions upon request.

The plaintiffs, who have physical disabilities which require them to use a wheelchair or a scooter, commenced this action against the defendant. In their amended complaint, they alleged that they had entered and attempted to use the cinema and that the defendant had discriminated against them on the basis of their disabilities by, among other things, failing to make the cinema accessible to them. They alleged, under separate causes of action, that such discriminatory treatment violated title III of the Americans with Disabilities Act (42 USC § 12181 *et seq.*), the New York State Human Rights Law (*see* Executive Law § 296), and the New York State Civil Rights Law.

The plaintiffs moved for summary judgment on the complaint. In support of their motion, they argued that the defendant had violated title III of the Americans with Disabilities Act (hereinafter the ADA) by: (1) providing seats for the companions of disabled patrons (hereinafter companion seats) which were portable, rather than permanently attached to the floors of the theaters; (2) providing companion seats which were inferior to the standard seats; and (3) locating the wheelchair areas in the rear of the theaters behind the last row of standard seats. The defendant cross-moved, inter alia, for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court, among other things, denied the plaintiffs' motion for summary judgment on the complaint and granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint. We modify.

The Supreme Court should have denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint. Title III of the ADA prohibits discrimination against individuals "on the basis of disability in

the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns . . . or operates a place of public accommodation" (42 USC § 12182 [a]; *see Roberts v Royal Atl. Corp.*, 542 F3d 363, 368 [2008], *cert denied* 556 US —, 129 S Ct 1581 [2009]). "A Title III claim . . . requires that a plaintiff establish that (1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA" (*Roberts v Royal Atlantic Corp.*, 542 F3d at 368; *see Camarillo v Carrols Corp.*, 518 F3d 153, 156 [2008]). A "motion picture house" is considered a place of public accommodation under the ADA (42 USC § 12181 [7] [C]).

In drafting title III of the ADA, Congress directed the United States Attorney General (hereinafter the Attorney General) to promulgate regulations to implement the law which were to include design standards consistent with the minimum guidelines and requirements issued by the Architectural and Transportation Barriers Compliance Board (hereinafter the Access Board) (*see* 42 USC § 12186 [b], [c]; *United States v AMC Entertainment, Inc.*, 549 F3d 760, 763 [2008]; *United States v Hoyts Cinemas Corp.*, 380 F3d 558, 562). In 1991 the Access Board issued its final ADA Accessibility Guidelines (hereinafter ADAAG), and the Attorney General adopted those guidelines as the "Standards for Accessible Design," presently set forth in 28 CFR part 36, Appendix A (*see United States v AMC Entertainment*, 549 F3d at 763).

The standard articulated in ADAAG § 4.33.3 addresses the placement of wheelchair locations in assembly areas which, as here, have undergone an "alteration" (28 CFR 36.402 [b]) after January 26, 1992 (*see* 28 CFR 36.402, 36.406; *United States v Hoyts Cinemas Corp.*, 380 F3d at 562). As relevant here, ADAAG § 4.33.3 provides as follows: "Wheelchair areas shall be an integral part of any fixed seating plan and shall be provided so as to provide people with physical disabilities a choice of admission prices and lines of sight comparable to those for members of the general public. They shall adjoin an accessible route that also serves as a means of egress in case of emergency. At least one companion fixed seat shall be provided next to each wheelchair seating area."

In the instant matter, initially, the plaintiffs' evidence that the companion seats provided by the defendant were portable, rather than attached to the floor of the theaters, was not sufficient to make a prima facie showing of entitlement to judg-

ment as a matter of law on their cause of action alleging ADA violations (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Although ADAAG § 4.33.3 requires that at least one "companion fixed seat" be provided next to each wheelchair seating area, ADAAG does not define the term "companion fixed seat" or address whether such seats may be portable rather than permanently attached to the floor. "[W]hen . . . there is neither a decision of the Supreme Court nor uniformity in the decisions of the lower Federal courts, a State court required to interpret a Federal statute is not bound to follow the decision of the Federal courts or precluded from exercising its own judgment" (*423 S. Salina St. v City of Syracuse*, 68 NY2d 474, 489 [1986], *cert denied* 481 US 1008 [1987]; *see Podraza v Carriero*, 212 AD2d 331, 338 [1995]).

One unreported order issued by a lower Federal court arguably suggests that a "companion fixed seat" within the meaning of ADAAG § 4.33.3 must be attached to the floor (*see United States v AMC Entertainment*, 2006 WL 224178, 2006 US Dist LEXIS 6119 [CD Cal 2006]). However, in *Independent Living Resources v Oregon Arena Corp.* (982 F Supp 698 [1997]), the United States District Court for the District of Oregon concluded that a "companion fixed seat" could be portable, rather than literally bolted to the floor (*id.* at 725). In our view, this interpretation properly recognizes that while the ADA places "substantial emphasis" on equality of access, "[a]s a matter of common sense, this cannot be absolute equality" (*United States v Hoyts Cinemas Corp.*, 380 F3d at 567). Thus, we conclude that companion seats which are portable, rather than attached to the floor, are within the ambit of the term "companion fixed seat" as it is used in ADAAG § 4.33.3. Accordingly, the evidence proffered by the plaintiffs that the defendant provided portable companion seats at the cinema was insufficient to establish, prima facie, that the defendant violated the ADA.

However, the plaintiffs made a prima facie showing of entitlement to judgment as a matter of law on their ADA cause of action by submitting evidence that the companion seats were significantly less comfortable than the standard seats. The court in *Independent Living Resources* determined that the companion seats at issue in that case satisfied the requirements of ADAAG § 4.33.3, inter alia, because they were not "significantly less comfortable" than the standard seats used in the rest of the defendant's arena (*Independent Living Resources v Oregon Arena Corp.*, 982 F Supp at 725), and we conclude that this standard is in accord with the ADA's substantial emphasis on equality of access (*see United States v Hoyts Cinemas Corp.*, 380 F3d at

567). Here, in support of their motion, the plaintiffs proffered evidence that, although the standard seats were cushioned and had armrests, the companion seats consisted of uncushioned metal folding chairs without armrests. Moreover, they submitted the deposition testimony of the defendant's operations manager, who conceded that the metal companion seats were less comfortable than the standard seats.

In opposition, however, the defendant raised a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). The defendant presented evidence that the companion seats were not significantly less comfortable than the standard seats through submissions demonstrating that it had replaced the metal folding chairs with portable folding chairs which had cushioning and armrests, and that the cushioning on the standard seats and the companion seats was of similar, though not identical, thickness. Accordingly, because there are triable issues of fact as to whether the companion seats provided by the defendant are significantly less comfortable than the standard seats, the plaintiffs were not entitled to summary judgment on their ADA cause of action on this ground (see generally Alvarez v Prospect Hosp., 68 NY2d at 324). For the same reason, the defendant was not entitled to summary judgment dismissing the ADA cause of action.

Moreover, triable issues of fact remain as to whether the defendant violated the ADA based upon the location of the wheelchair areas within the theaters. ADAAG § 4.33.3 provides that wheelchair areas shall be an "integral part" of any "fixed seating plan," but the term "integral" is not defined within the ADAAG. As used in ADAAG § 4.33.3, the term has been variously interpreted by the United States Department of Justice and the lower Federal courts as requiring that "the wheelchair locations must be a constituent part of the theater" (United States v Hoyts Cinemas Corp., 380 F3d at 568), that " 'theater operators . . . provide wheelchair seating in the area of the theater where most members [of] the general public usually choose to sit' " (Colorado Cross-Disability Coalition v Colorado Rockies Baseball Club, Ltd., 336 F Supp 2d 1141, 1146 [2004] [emphasis omitted], quoting Meineker v Hoyts Cinemas Corp., 69 Fed Appx 19, 23 [2003] [emphasis omitted]), or that the wheelchair seating be "incorporated into, and located among, the seating for the general public" (Meineker v Hoyts Cinemas Corp., 216 F Supp 2d 14, 19 [2002]).

Under any of the foregoing interpretations, the plaintiffs made an initial showing that each of the wheelchair seating areas, located at the rear of each theater immediately behind the

last row of standard seats, was not an "integral" part of the fixed seating plan (*see generally Alvarez v Prospect Hosp.*, 68 NY2d at 324). In support of their motion, they proffered evidence that garbage receptacles, child booster seats, and cleaning supplies were kept in the wheelchair areas, and that disabled patrons seated in those areas had to move in order to provide access to the child booster seats. Such evidence established, prima facie, that the wheelchair areas were not constituent parts of the theaters, were not where most members of the public would choose to sit, and were not incorporated into the seating for the general public. In opposition, however, the defendant raised triable issues of fact by proffering the affidavit of one of its members indicating that the wheelchair areas provided the best vantage point in the theaters, which were small in size, and a photograph of one of the wheelchair areas which depicted an absence of garbage receptacles or cleaning supplies. Thus, the record reveals triable issues of fact as to whether the wheelchair areas were "integral" within the meaning of ADAAG § 4.33.3, and this issue cannot be resolved as a matter of law in favor of either the plaintiffs or the defendant.

Finally, the same triable issues of fact which preclude an award of summary judgment on the ADA cause of action also preclude an award of summary judgment in favor of either the plaintiffs or the defendant on the causes of action alleging violations of the New York State Human Rights Law (*see* Executive Law § 296) and New York State Civil Rights Law § 40-c. "As a general matter, the scope of the disability discrimination provisions of the State Human Rights Law are similar to those of the [ADA]" (*Matter of Doe v Bell*, 194 Misc 2d 774, 781 n 7 [2003]; *see Camarillo v Carrols Corp.*, 518 F3d at 158; *Rodal v Anesthesia Group of Onondaga, P.C.*, 369 F3d 113, 117 n 1 [2004]). Additionally, facts sufficient to sustain a cause of action under Executive Law § 296 will support a cause of action under Civil Rights Law § 40-c (*see Samper v University of Rochester*, 144 AD2d 940, 941 [1988]; *People v Hamilton*, 125 AD2d 1000, 1001 [1986]; *see also Illiano v Mineola Union Free School Dist.*, 585 F Supp 2d 341, 352-353 [2008]; *Ganzy v Allen Christian School*, 995 F Supp 340, 350 [1998]). Here, since there are triable issues of fact which preclude resolution of the ADA cause of action by summary judgment, summary resolution of the state-law causes of action is similarly precluded.

Based on the foregoing, the Supreme Court properly denied the plaintiffs' motion for summary judgment on the complaint, but it also should have denied that branch of the defendant's cross motion which was for summary judgment dismissing the

complaint. Accordingly, we modify the order so as to deny that branch of the defendant's cross motion.

The parties' remaining contentions are without merit. Prudenti, P.J., Balkin, Leventhal and Austin, JJ., concur.